■ FRONTIER LINEN SUPPLY, INC., Respondent, v DONALD BURLAKOS et al., Doing Business as CIRCLE OF THIEVES, Appellants.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In plaintiff's action to collect sums allegedly due under a rental service agreement, Special Term has granted plaintiff's motion for summary judgment dismissing defendants' affirmative defenses and counterclaims. We agree that the second and third affirmative defenses and third counterclaim were properly dismissed as barred by the parol evidence rule since the allegations, if established, would be directly contrary to the terms of the written agreement *(see,* Richardson, Evidence §§ 601-604 [Prince 10th ed]; *Studley v National Fuel Gas Supply Corp.,* 107 AD2d 122, 125). The fourth affirmative defense was also properly dismissed.

Special Term erred, however, in dismissing the first affirmative defense and the first and second counterclaims as barred by the parol evidence rule. The representations attributed to plaintiff's agent to the effect that defendants were not legally

bound under their existing linen service agreement with plaintiff's competitor are not inconsistent with the warranty undertaken by defendants in paragraph 7 of the written agreement to the effect that they are not contractually obligated to take linen service "from any other person, entity or corporation". Indeed, it is alleged that defendants agreed to the warranty in paragraph 7 only because of their reliance upon plaintiff's representations. (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.